PORTER v. BLAIR.

(Circuit Court, N. D. Iowa. October 28, 1897.)

CONTRACTS—ACTION FOR BREACH—PLEADING.

A petition alleged that plaintiff was engaged, in 1882, in promoting a proposed railroad enterprise, and the defendant agreed with him to aid in furnishing means for constructing it; that in 1884 work ceased because another company had acquired and used a part of the proposed right of way; and that thereafter no work was done, and defendant ceased to contribute further. Plaintiff demanded an amount representing investments, loss of prospective profits, and his salary from the company. On demurrer, held, that the petition failed to set forth a cause of action.

This was an action at law by John Porter against John I. Blair to recover damages alleged to result from breach of contract. The case was heard on demurrer to the amended petition.

W. J. Moir, for plaintiff.
Chas. A. Clark and C. E. Albrook, for defendant.

SHIRAS, District Judge. From the allegations in the petition filed in this case it appears that, in 1882, the plaintiff, with other parties, were engaged as promoters in locating and arranging for the construction of a line of railway, now known as the Chicago, Iowa & Dakota Railway, from its point of intersection with the line of the Chicago & Northwestern Railway Company, in Hardin county, Iowa, and thence northwesterly, through Wright and Hancock counties, to Forest City, Winnebago county. Previous to August, 1882, a corporation had been organized to further the undertaking. A 5 per cent. tax in aid thereof, amounting in the aggregate to the sum of $25,000, had been voted by Eldora township, and donations to the amount of $10,000 had been secured from private individuals, and other subscriptions or aid had been promised. In March, 1882, a contract was entered into between the railway company and the Iowa Railway & Construction Company, whereby the construction company agreed to construct the line from Eldora Junction to Forest City, and to furnish certain rolling stock to be used in the operation of the line, and as compensation therefor was to receive the first mortgage bonds of the railway company at the rate of $15,000 per mile of completed road, and a like amount of the capital stock of the company; and it is averred that the construction company entered upon the building of the line in June, 1882, in pursuance of the terms of said contract. It is further averred in the petition that on August 8, 1882, plaintiff and defendant had an interview at Chicago, Ill., at which time the situation of affairs with respect to the construction of the named line of railway was fully explained to the defendant, and that thereupon it was orally agreed between the parties that the defendant was to subscribe the sum of $25,000 to aid in building said line of road from Eldora Junction to the town of Eldora, for which said defendant was to receive in bonds of said Chicago, Iowa & Dakota Railway Company the sum of $37,500 and a like amount of the capital stock; that the plaintiff was to remain with the enterprise until the road should be constructed to Forest City, and should cause the majority of the then outstanding stock, amounting to about 91 shares, to be assigned to plaintiff, in order that the control of affairs should be in plaintiff's hands, and upon this understanding the defendant stated he would assist in building the entire line of road to Forest City. It is further averred that after the completion of the line to Eldora, and the delivery of the stock and bonds to which defendant would then become entitled, the bonds of the company were to be sold at par, the said defendant agreeing to purchase a sufficient amount thereof, with such as could be otherwise sold, and with the subsidies and local aid, as would complete the road to Forest City, or to such other point as would afford a working division and reasonably profitable line of road, it being agreed that defendant should share in all profits, stocks, bonds, aids, and subsidies in the same ratio with plaintiff and others who should buy any of said bonds or otherwise put money into the undertaking. It further appears that it was the expectation of the parties that, in extending the line from Alden to Forest City, use could be made of a partially constructed roadbed built by the Iowa & Minnesota Rail-

road Company. It is further averred that, in accordance with this understanding, the plaintiff procured the transfer to him of a majority of the stock of the railway company; that the defendant advanced the money he had agreed to do for building the line from Eldora Junction to Eldora, and the line was constructed, and the bonds and stock to which defendant became entitled were delivered to him during December, 1882; that in June, 1883, the building of the road from Eldora to Alden was undertaken and completed in December, 1883, in aid of which the defendant paid the sum of $80,000. It is further averred that the plaintiff made every reasonable effort to carry out said agreement, to the end that said road should be extended to Forest City without unnecessary delay, but that defendant failed and refused to perform his agreement on his part, and in consequence thereof the Burlington, Cedar Rapids & Northern Railway Company entered upon and occupied the right of way and graded roadbed between Belmond and Forest City, and built a branch of its line through the territory, thereby rendering it impracticable for the Chicago, Iowa & Dakota Railway Company to extend its line via Belmond to Forest City or elsewhere in that direction, so as to afford any reasonable profit or gain to said railway company, or to any of its promoters, stock or bond holders other than said defendant. It is then alleged that on the 7th day of July, 1884, the defendant wrote to the plaintiff that he was informed that the Burlington, Cedar Rapids & Northern Company had its road then built between Belmond and Forest City, and that it would be necessary to wait until it should be known what that company would do, and then seek some other route for the extension of the Chicago, Iowa & Dakota Railway; and it is averred that it has been reasonably possible to extend said railway in a northwesterly direction through a region that would afford a reasonably profitable patronage, and that plaintiff and others have frequently laid before defendant the feasibility and propriety of so extending said line, but the defendant has entirely failed and neglected to extend or assist in extending said line to Forest City or elsewhere, and hence the same has not been extended beyond Alden, in Hardin county. It is also averred that it was understood that plaintiff was to give his time and attention to the business of said railway company, to securing the right of way, procuring aid and subsidies, to attend to the letting of all contracts for the construction and equipment of the road and other like work, and that his salary was to be the sum of $2,000 per annum. Based upon these facts, the plaintiff seeks damages against the defendant, there being three counts in the petition, in the first of which it is averred that, in reliance upon defendant's promises, the plaintiff invested in the enterprise the sum of $15,000, which it is averred would have proven a profitable investment if the defendant had performed his agreement, but is now practically worthless, and therefore plaintiff asks judgment for the said sum of $15,000. In the second count it is averred that, if the road had been built from Alden to Forest City, the parties engaged therein, through the benefit of subsidies and sale of bonds, would have realized a large profit, of which there would have been coming to

plaintiff the sum of $15,000; and for the failure to realize this amount plaintiff asks damages in the sum of $10,000. In the third count it is charged that the plaintiff's salary has not been paid in full up to the 1st day of August, 1894, but that since the 1st of August, 1884, there has accrued and remains unpaid the sum of $7,200. To this petition, and the several counts thereof, the defendant interposes a demurrer to the effect that no cause of action in favor of plaintiff is shown to exist on the face of the petition.

From the allegations in the petition contained it appears that in 1882 the plaintiff and others, at Eldora, Iowa, were engaged as promoters in starting the enterprise of building a railway line northwesterly from Eldora Junction, and they succeeded in getting the defendant interested therein. During 1882 the line was built from Eldora Junction to Eldora. In 1883 the line was extended to Alden, being completed to that place in December of that year. The further extension of the line in 1884 was not resumed, because it appears that another company, the Burlington, Cedar Rapids & Northern, had built a branch through the territory towards Forest City. There are no facts alleged in the petition charging the defendant with any violation of contract during the years 1882 and 1883, and nothing to show that the defendant is responsible for the building of the branch line of the Burlington, Cedar Rapids & Northern Company. On the contrary, it is expressly averred that it was the plaintiff who was to give attention to the prospecting and locating said line of railway, to procure aid and subsidies and the right of way, attend to the letting of all contracts for the construction of the road, and procure the necessary depot grounds. Therefore in any race of diligence in the way of locating a line of railway from Alden to Forest City the burden was upon the plaintiff, and, if the rival line won in the race, there is nothing to show that the fault was that of the defendant. The theory of the petition seems to be that, when the territory towards Forest City was occupied by the building of the Burlington, Cedar Rapids & Northern branch, the defendant within a reasonable time should have extended the line of the Chicago, Iowa & Dakota Railway in a northwesterly direction, and that, having failed to do so, the defendant is responsible to the plaintiff for the supposed profits that would have accrued to the plaintiff had this been done. It is not averred that in 1884, or at any time thereafter, the plaintiff located a line in any direction, or secured aid or subsidies therefor, but the averment is that in April, May, and June, 1884, the defendant failed to perform his promises and undertakings, and hence the road was not extended beyond Alden. The failure of which plaintiff complains was in not extending the road beyond Alden, but it is not averred that there was a contract on part of the defendant to build any specific number of miles of road, nor in any direction, nor to advance any special amount of money in aid thereof, and, in the absence of specific averments of facts, the general allegations of failure on part of the defendant to perform his promises and undertakings do not show a breach of contract on part of the defendant. In substance, all that is charged is that the defendant

agreed to assist in building a line of railway which was being engineered and promoted by the plaintiff and others, and which it was proposed to build to Eldora, and thence to Forest City or some other point, and that the defendant did assist in all the work that was undertaken in the years 1882 and 1883, expending about $105,000 in so doing, but declined to invest any further sum in 1884, because the proposed extension from Alden to Forest City was rendered inexpedient because another railway company had occupied that territory. The theory of the plaintiff seems to be that the defendant, after assisting to build the road from Eldora Junction to Alden, was then bound to build the road, with or without assistance, in some direction northwesterly and to a length or distance that would make the entire line, and all investments made therein by the plaintiff and his associates, remunerative. It need hardly be said that, before a court and jury would be justified in finding that such a contract had been entered into, the evidence would have to be full and satisfactory, and the averments of facts found in the petition are not such as to show clearly that the defendant entered into such an undertaking. Undoubtedly the pleader in drawing the petition has stated the facts as favorably for the plaintiff as is reasonably possible, and it is apparent that the defendant never obligated himself to build the road beyond Alden. All that is charged is that he agreed to assist the other parties in building from Eldora Junction, and he did assist in the enterprise as long as the other parties kept at the work; but the work ceased in December, 1883, and was not resumed in 1884, because the rival railway company had occupied the territory to Forest City. It is averred in the petition that in 1882, and before the defendant had become interested in the line, the railway company had contracted with the Iowa Construction Company to build and equip the road to Forest City, and if a failure in this respect can be charged against any party it would seem to be the fault of the construction company. Under these circumstances, it must be held that the facts alleged in the petition are not sufficient to show a legal liability on part of the defendant to make good to plaintiff any sums he may have invested in the enterprise, as is claimed in the first count of the petition, or any supposed loss of profits, as is claimed in the second count. In the third count the damages claimed are based upon the alleged failure to pay plaintiff salary of $2,000 yearly from 1884 to 1894, a period of 10 years, during which time it does not appear that any work was done in extending the road beyond Alden. The facts in this respect are not clearly stated, but it is certainly not directly charged that the defendant hired the plaintiff as his agent at a salary of $2,000 per year, and the probable meaning of the facts averred is that, as the managing officer of the railway company, the plaintiff's salary was to be the sum named, but it was to be paid by the company, and not by the defendant, and under that construction of the petition it is clear that no liability exists on part of the defendant to pay any amount as a salary to plaintiff. The demurrer is therefore sustained to all the counts of the petition.